IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUPANQUI PACHACUTEC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-441 (MTT) |
| ) | |
| CITY OF FORSYTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Pro se plaintiff Yupanqui Pachacutec filed this 42 U.S.C.§ 1983 action against the City of Forsyth, Jeffrey Burris, Janet Eldridge, and Dustin Buttigieg.  Doc. 1.  Pachacutec simultaneously moved to proceed *in forma pauperis* (IFP).  Doc. 2.  As discussed below, Pachacutec satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 2) is **GRANTED**.  Along with granting Pachacutec IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening, the Court concludes that Pachacutec's complaint is deficient.  Accordingly, within twenty-one days of the entry of this order Pachacutec is **ORDERED TO AMEND** his complaint as stated in this order.  Failure to fully and timely comply with this order may result in the dismissal of this action.[1]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

## I. DISCUSSION[2]

### A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Pachacutec's financial affidavit states that he is unemployed with an average monthly income of $0.00. Doc. 2 at 1-2. Accordingly, having read and considered Pachacutec's financial affidavit, the Court finds that Pachacutec is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 2) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting Pachacutec IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pachacutec filed this action against the City of Forsyth, Jeffrey Burris, Janet Eldridge, and Dustin Buttigieg, alleging violations of the Fourth Amendment protection against unreasonable search and seizure, Fifth and Fourteenth Amendment due process, denial of equal protection, denial of the right to a speedy trial, the First Amendment right to practice religion, and unlawful arrest.  Doc. 1 at 3-4.  Although his allegations are hard to decipher, Pachacutec was seemingly involved in various legal proceedings stemming from different incidents that may or may not have involved each of the defendants.

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

On July 29, 2023, Pachacutec alleges Police Officer, Defendant Jeffrey Burris unlawfully trespassed on his property without a warrant and shot his dog in the eye with a taser.  Docs. 1 at 2, 4-5; 1-4; 1-10.  The same day, Pachacutec received a ticket for violating a Georgia municipal ordinance in the City of Forsyth, ("Ticket: M080001533, 7/29/23 14-30: DOGS/CATS RUNNING LOOSE).  Doc. 1-11.  On August 12, 2023, Pachacutec received another ticket for violating a similar municipal ordinance in the City of Forsyth, (Ticket: M0400000082, 8/12/2023, 6.17: ANIMAL RUNNING AT LARGE/LEASH LAW).  Doc. 1-11.  On April 24, 2024, the Clerk of Municipal Court for the City of Forsyth, Defendant Janet Eldridge, signed an affidavit, which a Forsyth Municipal Court Judge relied on to issue a bench warrant for Pachacutec's arrest after he failed to appear in Municipal Court for the tickets he received on June 29, 2023 and August 12, 2023.[4]  Docs. 1-6; 1-11.  On May 9, 2024, Pachacutec was arrested pursuant to the bench warrant issued on April 24, 2024.  Docs. 1-1; 1-4.

On July 1, 2024, Pachacutec was again arrested pursuant to a warrant, this time for misdemeanor Obstruction of Law Enforcement Officers and misdemeanor Obstruction of a Police Officer.[5]  Docs. 1-4 at 1; 1-10 at 1.  Pachacutec's complaint alleges he was denied a timely first appearance hearing following his July 1, 2024 arrest, even though his exhibits indicate that he was seen by a Magistrate Judge within 24 hours and granted a bond of $4,000.00.  Doc. 1 at 4; 1-10.

---

[4] Pachacutec claims he did not receive notice to appear in court due to a possible change of address.  Doc. 1 at 6.  He appears to argue that mailing a legal notice to the wrong address violates due process.

[5] It is unclear if these arrests are related.  Pachacutec filed a motion in the Municipal Court for the City of Forsyth (Case No. 2024-MCA-0001), which he also filed as an exhibit to his complaint in this case (Doc. 1-1), arguing that his arrests on May 9, 2024, and July 1, 2024, constitute double jeopardy.  Compare Doc. 1-4 at 1 ("Defendant's July 1, 2024 arrest was for conduct unrelated to [municipal] case.").

On September 9, 2024, Defendant Dustin M. Buttigieg, the Solicitor for the Municipal Court of Forsyth, Georgia, filed an official accusation against Pachacutec in the Municipal Court for the City of Forsyth (Case No. 2024-MCA-0001).  Doc. 1-6.  Pachacutec was accused of three offenses: (1) allowing a gray and white pit-bull-type dog to run at-large on July 29, 2023, in violation of the City of Forsyth's ordinances (Chapter 6, Article II, Division 1, Section 6-17); allowing the same dog to run at-large again on August 12, 2023, in violation of the same ordinance; and (3) allowing a dangerous or vicious animal (the same dog) to run at-large on August 12, 2023, in violation of the City of Forsyth's ordinances (Chapter 6, Article I, Section 6-3)..

In this case, Pachacutec's complaint alleges "they are acting with Malice and will continuing [sic] to prosecute this case without probable cause to cover up excessive force, and animal cruelty to coerce plea."  Doc. 1 at 4.  It is unclear who "they" refers to, and it is also unclear if "this case" refers to the official accusation filed by Buttigieg on September 9, 2024.  *But see id.* ("Dustin continue [sic] to prosecute this state created danger with no corpus delicti.").  Pachacutec further accuses Eldridge of impersonating an officer and depriving him of his rights.  Docs. 1 at 3, 6; 1-4; 1-7; 1-11.  Otherwise, it is unclear what specific conduct Pachacutec contends was unlawful, why that conduct was unlawful, and how Pachacutec was injured as a result of that conduct.[6]

---

[6] Pachacutec makes various other allegations, but it is unclear how they are related to this case or how they are connected to any of the named defendants.  *See, e.g.*, Doc. 1 at 6 ("On May 9 and May 13 Teldric Middbrook was serving the warrants I knew nothing about because I was denied civilian due process which led to my window being busted out my car.  I was snatched out of my car and shot in [sic] back with taser until I passed out."); *id.* ("April 2024 Janice and Alyssa Peters conspired under color of law after sending notice to the wrong address [sic] issued bench warrant.").  The timing of some of these allegations is also unclear.

Thus, the only potential claims that are clearly raised in his complaint are (1) a claim under the Fourth Amendment against Jeffrey Burris, and (2) potentially a claim for malicious prosecution.[7]  *See Carter v. Gore*, 557 Fed. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one as ... allege[dly] issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.") (alteration in original).  But Pachacutec's allegations fail to provide sufficient information to support either claim.[8]  *See, e.g.*, *Babcock v. Olson*, 2021 WL 4165344, at *2 (11th Cir. Sept. 14, 2021); *Davis v. Clayton*, 2018 WL 3475438, at *6 (N.D. Ala. July 19, 2018) ("Plaintiffs' Complaint does not contain any allegations that would show Defendant's tasing and shooting of the dogs was objectively unreasonable."); *see also McDonough v. Smith*, 588 U.S. 109 (2019) ("Claim for malicious prosecution accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor."); *Vandiver v. Meriwether Cnty., Ga.*, 325 F. Supp. 3d 1321, 1327 (N.D. Ga. 2018) ("[Plaitniff] did not … deny that he had committed any ordinance violations in … complaint [for malicious prosecution].").

---

[7] *But see Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are intimately associated with the judicial phase of the criminal process …. If a prosecutor functions in a capacity unrelated to his role as an advocate for the state, he is not protected by absolute immunity but enjoys only qualified immunity.") (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)) (internal quotation omitted), *aff'd b*y 566 U.S. 356 (2012); *see also Ward v. Chafin*, 2023 WL 2661527, at *3 (11th Cir. Mar. 28, 2023) ("[T]he district court correctly found that [plaintiff]'s § 1983 claims against the defendant prosecutors, … were barred by absolute immunity [because] … [plaintiff] d[id] not plausibly allege any wrongful conduct by the defendants unrelated to their roles as advocates for the state."), *cert. denied*, 144 S. Ct. 216 (2023).

[8] "To prove a § 1983 malicious-prosecution claim, under federal law and Georgia law, a plaintiff must establish the following: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.'"  *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018).  Even if Pachacutec could state a claim for malicious prosecution based on the official accusation filed by Buttigieg on September 9, 2024, he alleges that the case is ongoing and thus fails to allege an element of his claim.  *See also Wallace v. Kato*, 549 U.S. 384, 393–394 (2007) (noting the power of district courts to stay civil actions while criminal prosecutions proceed).

Given Pachacutec's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Pachacutec must link any claims he makes to the named defendant. If Pachacutec fails to link the named defendant to a claim, the claim will be dismissed; if Pachacutec makes no allegations in the body of his complaint against the named defendant, that defendant will be removed from the action and dismissed. Pachacutec must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law.[9] It is also recommended that, when drafting his "statement of claims," Pachacutec list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Pachacutec injured as a result of the defendant's actions?

---

[9] If Pachacutec intends to assert a claim for malicious prosecution, he must amend his complaint to answer the following questions:

(1) What was the result of any charges he relies on as the basis for his claim(s)? In other words, has he gone to trial?
(2) If so, when did he go to trial and what was the result of the trial?
(3) Did he enter a plea to any of the charges and, if so, when?
(4) Were the charges against him dropped and, if so, when?

7

## II. CONCLUSION

For the foregoing reasons, Pachacutec's motion to proceed IFP (Doc. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Pachacutec is **ORDERED TO AMEND** his complaint as stated in this order within twenty-one days of the entry of this order. Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 23rd day of December 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
