IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUPANQUI PACHACUTEC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-441 (MTT) |
| | ) |
| CITY OF FORSYTH, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### ORDER

Pro se plaintiff Yupanqui Pachacutec has moved to disqualify the undersigned from presiding over this case and all future cases involving him based on allegations of bias, prejudice, and partiality. [1] Doc. 5. After careful consideration of the motion and the applicable legal standards, the motion (Doc. 5) is **DENIED**. [2]

### I. STANDARD

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."[3] § 455(a), (b)(1).

---

[1] Motions to recuse or disqualify a judge are typically made under 28 U.S.C. §§ 144 or 455. "Section 144, mandates the transfer of recusal motions [whereas] Section 455 does not." *United States v. Craig*, 853 F. Supp. 1413, 1415 (S.D. Fla. 1994); *see also United States v. S. Fla. Water Mgmt. Dist.*, 290 F. Supp. 2d 1356, 1359 n.1 (S.D. Fla. 2003) ("Although on its face § 455(a) requires the judge assigned to a case and who is the subject of a § 455(a) motion to decide the matter, it is permissible … to refer the matter to another judge."). Here, Pachacutec has moved pursuant to 28 U.S.C. § 455, and the Court finds that it is unnecessary to refer the motion to another judge for decision.

[2] Pachacutec has not requested a hearing on his motion, and the Court concludes that a hearing is not necessary.

[3] Pachacutec also cites the Due Process Clause of the Fifth and Fourteenth Amendments. Doc. 5 at 1-2. The "Due Process Clause demarks only the outer boundaries of judicial disqualifications," while 28 U.S.C. § 455 "sets a higher bar," requiring a judge to recuse where the judge has a personal bias or prejudice concerning a party. *Norris v. United States*, 820 F.3d 1261, 1265 (11th Cir. 2016) (quoting *Bracy v.*

First, the standard under § 455(a) is objective and requires the Court to consider "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (*Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988)).  Comments during judicial proceedings cannot serve as the basis for recusal or cast doubts on impartiality "unless they reveal an opinion that derives from an extrajudicial source" and/or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Second, § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party."  However, the bias "must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).  The Supreme Court recognized in *Liteky*, for instance, that even if a judge who presided at trial became exceedingly ill-disposed toward a defendant, and may regard him as "a thoroughly reprehensible person," that judge need not recuse if "his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes … necessary to completion of the judge's task."  510 U.S. at 550-51.

---

*Gramley*, 520 U.S. 899, 904-05 (1997)).  Because the Court finds that § 455 does not require recusal, it does not separately address the lower constitutional standard.

"An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Id.* at 651. While any doubts should be resolved in favor of recusal, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citations omitted).

## II. DISCUSSION

Pachacutec has moved for recusal under 28 USC § 455,[4] arguing the undersigned has continuously discriminated against him, denied him due process, and failed to provide a fair trial citing rulings in this case and a previous case against the Monroe County Sheriff's Office (Case No. 5:24-cv-00272-MTT).[5] Specifically, Pachacutec cites to the undersigned's December 23, 2024 order in this case granting his motion to proceed in forma pauperis ("IFP") and ordering him to recast his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 5 at 2. He also cites Case No. 5:24-cv-00272-MTT, which the undersigned dismissed without prejudice on November 25, 2024, after Pachacutec failed to respond to orders issued on September 4, 2024, and October 16, 2024, directing him to either pay the required filing fee or file a motion to proceed

---

[4] Pachacutec also cites 28 U.S.C. § 454 which provides that "Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor." Doc. 5. Pachacutec does not explain how § 454 applies to the undersigned.

[5] Pachacutec accuses the undersigned (1) of conspiring with the Monroe County's Sheriff's Office to deprive him of his constitutional right to seek redress; and (2) of violating 18 U.S.C. §§ 241 and 242. Doc. 5 at 2-3. Pachacutec cites no facts in support of either accusation, and there are no facts that would support either claim.

IFP and to show cause why the case should not be dismissed for failing to comply.  No. 5:24-cv-00272-MTT, at Docs. 6, 7 (M.D. Ga. Nov. 25, 2024).

Pachacutec's motion argues that the undersigned's previous dismissal and handling of his cases (1) demonstrate bias and prejudice; and (2) show favoritism and a lack of neutrality, because the defendants were never "required to respond, show cause or answer [either of his] complaint[s]."  Doc. 5 at 1-3.  First, Pachacutec fails to establish any personal or pervasive bias on the part of the undersigned, and the Court finds none.  Prior adverse rulings are not typically grounds for recusal unless they show a deep-seated favoritism or antagonism that would make fair judgment impossible.  *Liteky*, 510 U.S. at 555.  To show deep-seated favoritism or antagonism that would warrant recusal, prior rulings must be linked to an extrajudicial source of bias or go beyond normal judicial decision-making, by demonstrating that the judge's behavior or rulings are so extreme that they indicate an inability to render fair judgment.  *Id.* at 551, 555.  Pachacutec has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has he demonstrated that any statement by the Court exhibit "such a high degree of ... antagonism as to make fair judgment impossible" or a bias toward him "so extreme as to display clear inability to render fair judgment."  *Id.*

Second, the fact that the Court did not rule the way Pachacutec wished cannot serve as a basis for recusal under 28 U.S.C. § 455 or the Due Process Clause.  While Pachacutec argues the undersigned's actions create an appearance of impropriety, i.e., favoritism and a lack of neutrality, such claims must be supported by specific facts that would lead a reasonable person to question the undersigned's impartiality, not just by general dissatisfaction with the Court's decisions.

## III. CONCLUSION

For the foregoing reasons, Pachacutec's motion (Doc. 5) to disqualify the undersigned is **DENIED**.

**SO ORDERED**, this 17th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
